IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

                Plaintiff,

v.

CO WETTER, ALL SUPERVISORS, and B.K. UNIT MANAGER,

                Defendants.

OPINION and ORDER

18-cv-787-jdp[1]

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Over the past few years, Pabon Gonzalez has filed more than a dozen lawsuits about his treatment at Wisconsin prisons. In the course of doing so, he has incurred three "strikes" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. *See* Dkt. 20 in Case No. 17-cv-851-jdp (assessing Pabon Gonzalez strikes in four cases).

This order addresses several of his more recent cases:

- 18-cv-787-jdp: Pabon Gonzalez alleges that a correctional officer verbally abused him and that he did not get timely medical treatment in 2014.

- 19-cv-333-jdp: Pabon Gonzalez alleges that while he was incarcerated at Fox Lake Correctional Institution, he received false conduct reports, was kept in segregation longer than ordered, and a doctor did not give him proper medical treatment.

---

[1] Although I set forth only the caption of case no. 18-cv-786-jdp above, the clerk of court is directed to docket this opinion in each of the other cases discussed in this opinion.

- 19-cv-436-jdp: Pabon Gonzalez alleges that officers give him false conduct reports and harass him by waking him at an early morning medication call time, even though he discontinued his medications.

- 19-cv-442-jdp: Pabon Gonzalez alleges that medical staff has denied him pain medication for his back.

- 19-cv-443-jdp: Pabon Gonzalez alleges that he became sick after he was given pain medication that had passed its expiration date.

Pabon Gonzalez seeks leave to proceed *in forma pauperis* with each of these cases. But most of his allegations do not meet the imminent-danger requirement of 28 U.S.C. § 1915(g). To meet this standard, a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Of the five cases listed above, only one set of allegations appears to meet this standard: case no. 19-cv-442-jdp, about the current denial of pain medication. I will screen the complaint in that case in a separate order. The other four cases are about incidents of past harm or treatment at a prior facility, so they do not meet the imminent-danger standard, and he cannot proceed *in forma pauperis* with those cases.

Pabon Gonzalez may still choose to pursue any or all of those four cases as a paying litigant. If he chooses to do so, he must submit a check or money order made payable to the clerk of court in the amount of $400 for each case that he wishes to pursue. I will give him a short time to do so. For any case in which he submits the full filing fee, I will then screen his complaint under 28 U.S.C. § 1915A, and dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

For any case in which Pabon Gonzalez does not pay the $400 filing fee by the deadline, the court will assume that he does not want to pursue this action and the clerk of court will close the case. If this happens, he will still owe the $400 filing fee and he must pay it as soon as he has the means to do so. *Newlin v. Helman*, 123 F.3d 429, 436–37 (7th Cir. 1997).

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's request for leave to proceed *in forma pauperis* is DENIED in the following cases: 18-cv-787-jdp; 19-cv-333-jdp; 19-cv-436-jdp; and 19-cv-443-jdp.

2. Plaintiff may have until July 16, 2019, to submit a check or money order made payable to the clerk of court in the amount of $400 for any of these four cases he wishes to pursue. For any case in which plaintiff fails to pay the fee by the deadline, the clerk of court is directed to close this file. In that event, the clerk of court is to ensure that plaintiff's obligation to pay the $400 fee for filing the case is reflected in this court's financial records.

Entered June 25, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge